# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00187-RJC-DCK

| | |
|---|---|
| JESSE FRANKLIN MANGUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Default. (Doc. No. 6). Plaintiff filed his Complaint on April 29, 2015, along with a Motion to Proceed In Forma Pauperis ("IFP"). (Doc. Nos. 1, 2). The Court granted Plaintiff IFP status on May 19, 2015, (Doc. No. 3), and a summons was issued for service by the United States Marshal on the same day, (Doc. No. 4). The summons was issued for service as to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") at 99 New York Avenue, NE, Room 5 E-310, Washington, DC 20226. (Id.). On June 2, 2015, that summons was returned executed. (Doc. No. 5). The case docket reflects, however, that no other summonses have been issued or served. On March 22, 2016, Plaintiff, who is proceeding pro se, filed his Motion for Entry of Default. (Doc. No. 6).

Federal Rule of Civil Procedure 4(i) provides, in pertinent part, as follows:

**(1) United States.** To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1)–(2). The Court finds that Plaintiff has failed to perfect service pursuant to Rule 4(i); therefore, his Motion for Entry of Default must be **denied**.

Furthermore, at the time this Complaint was filed, Federal Rule of Civil Procedure 4(m) provided as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Although a plaintiff proceeding IFP is entitled to service by the United States Marshal and is entitled to rely upon the Marshal to effect service, the plaintiff must provide sufficient information to effect service. Danik v. Hous. Auth. of Baltimore City, 396 F. App'x 15, 16 (4th Cir. 2010). Failure to provide such information so that the Marshal can effect sufficient service can result in a dismissal of the action. See id. Under Rule 4(m), Plaintiff had until September 16, 2015, to serve his Complaint on Defendant. The time has now expired. Plaintiff is hereby warned that if he does not perfect service of his Complaint on Defendant and provide this Court with proof of such service within **fourteen (14) days** of this Order, his case will be **dismissed** without prejudice and without further notice. If Plaintiff wishes to rely again upon the United States Marshal to effect service, he must submit summonses to the Clerk of Court in a timely manner so as to provide the Marshal with sufficient time to effect service within **fourteen (14) days** of this Order. Failure to do so,

will result in this case being **dismissed** without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Entry of Default, (Doc. No. 6), is **DENIED**.

2. Plaintiff shall perfect service of his Complaint on Defendant and provide this Court with proof of service within **fourteen (14) days**. **FAILURE TO PROVIDE THE COURT WITH PROOF OF SERVICE BY THAT TIME WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT WITHOUT FURTHER NOTICE.**

Signed: April 22, 2016

Robert J. Conrad, Jr.
United States District Judge